UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| C&M PROPERTY MANAGEMENT, LLC and MICHAEL WARBIN,<br><br>　　　　　　Plaintiffs<br><br>v.<br><br>MOARK, LLC d/b/a MOARK MAINE,<br><br>　　　　　　Defendant. | Docket no. 2:15-cv-336-GZS |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Motion to Dismiss with Incorporated Memorandum of Law filed by Defendant Moark, LLC ("Moark" or "Defendant") (ECF No. 7) (the "Motion"). For the reasons explained herein, the Court GRANTS IN PART AND DENIES IN PART the Motion.

**I.　LEGAL STANDARD**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). The Court assumes the truth of the complaint's well-pleaded facts and draws all reasonable inferences in plaintiffs' favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted).

A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiffs must include enough facts supporting a claim for relief that "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)); see also Iqbal, 556 U.S. at 678 (stating that the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). At this point in the litigation, "the determination of whether an issue is trialworthy simply is not the same as the determination of whether a plaintiff states a claim upon which relief can be granted." Bodman v. Me., Dept. of Health & Human Servs., 720 F. Supp. 2d 115, 121 (D. Me. 2010) (denying motion to dismiss a hostile work environment claim).

**II.   FACTUAL BACKGROUND**

For the purposes of this Motion, the Court considers the facts as alleged in Plaintiffs' First Amended Complaint (ECF No. 10) (the "Complaint" or "Compl.").

C&M Property Management, LLC ("C&M") is a Connecticut limited liability company. (Compl. ¶ 2.) Michael Warbin ("Warbin" and, together with C&M, "Plaintiffs") is the sole member of C&M. (Compl. ¶ 1.) On August 1, 2006, C&M entered into a contract (the "Contract")

with Kofkoff Egg Farms LLC, under which C&M agreed to provide rodent and other pest control services at three facilities located in Connecticut. (Compl. ¶ 11.) Paragraph 13 of the Contract provides, "This agreement may be terminated with 30 days written notice to the non-terminating party." (Compl. ¶ 21.) Defendant later acquired Kofkoff Egg Farms LLC and assumed the Contract. (Compl. ¶ 12.) C&M subsequently became responsible for pest control at other of Defendant's properties, including a facility in Turner, Maine (the "Turner Facility"). (Compl. ¶ 13.) C&M routinely used firearms in connection with its pest control services on Defendant's properties, and Defendant knew and approved of C&M's use of firearms. (Compl. ¶¶ 14-15.)

On August 19, 2013, while C&M was engaged in pest control activities at the Turner Facility, an employee of Defendant was shot and killed. (Compl. ¶ 17.) On that date and since then, Defendant has allegedly made defamatory statements about C&M. Specifically, the Complaint alleges that in the course of the investigation into the shooting death, "Blair E. Hagy and Gwen Gruver of Moark" repeatedly and falsely stated to law enforcement officials including Maine State Police Officer Eric Paquette, as well as to "other people in the community," that "C&M was prohibited from using firearms at its facilities" and that "[Defendant] had no idea that C&M was in fact using firearms to clear pests." (Compl. ¶ 19.) Plaintiffs allege that these statements have harmed their professional reputations, and that "it is now impossible for Plaintiffs to find work in the pest control industry." (Compl. ¶ 32.)

On August 20, 2013, Defendant verbally instructed C&M not to set foot on any of Defendant's properties. (Compl. ¶ 22.) Defendant then hired another contractor to provide pest control services. (Compl. ¶ 24.) As of March 4, 2016, Defendant had not terminated the Contract in writing. (Compl. ¶ 23.)

On August 19, 2015, Plaintiffs filed a complaint in this Court (ECF No. 1) asserting causes of action for breach of contract, defamation, and negligence. On February 12, 2016, Defendant brought the Motion, advancing four separate arguments: (1) that Plaintiffs failed to establish this Court's subject-matter jurisdiction; (2) that Plaintiff Warbin alleged no cause of action against Defendant; (3) that Plaintiff C&M failed to plausibly allege a cause of action for defamation; and (4) that Plaintiff C&M failed to plausibly allege a cause of action for negligence. On March 4, 2016, Plaintiffs filed their amended Complaint (ECF No. 10) as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and their Response (ECF No. 11) opposing Defendant's Motion.

## III. DISCUSSION

In its Reply (ECF No. 13), Defendant concedes that the Complaint, as amended, adequately sets forth this Court's subject-matter jurisdiction based on the parties' diversity of citizenship. Defendant further admits that C&M has pleaded a cause of action for breach of contract against Defendant. However, three further issues remain: whether C&M has plausibly stated a claim for defamation, whether C&M has plausibly stated a negligence-based tort claim, and whether Warbin has plausibly pleaded any claim against Defendant. The Court addresses each of these issues in turn.

### A. Defamation

A plaintiff must allege the following elements for a claim of defamation: first, that the defendant made a false and defamatory statement concerning the plaintiff; second, that there was an unprivileged publication of such statement to a third party; third, that the defendant possessed a mental state of at least negligence; and fourth, that either the statement was defamatory per se or that the publication of the statement caused the plaintiff to suffer special harm. Lester v. Powers,

4

596 A.2d 65, 69 (Me. 1991). Plaintiffs allege that they were both defamed by statements made on and since August 19, 2013. According to Plaintiffs, Blair E. Hagy and Gwen Gruver falsely told law enforcement officials including Officer Eric Paquette, as well as others, that C&M was prohibited from using firearms at Defendant's facilities and that Defendant had no idea that C&M was using firearms. (Compl. ¶ 19.)

Defendant disputes that either C&M or Warbin has stated a claim for defamation. Defendant argues that Plaintiffs have failed to allege four different elements of defamation with sufficient particularity. First, Defendant argues that the Complaint, which identifies the publishers of the allegedly defamatory statements as two specific individuals "of Moark," has not alleged the legal relationship between these individuals and Defendant with sufficient particularity to establish Defendant's liability for the statements. (Def.'s Reply Mem. Law Supp. Mot. Dismiss at PageID # 69.) In its other three objections, Defendant argues that Plaintiffs have failed to adequately allege the content of each statement, the date of each statement, and the identity of each third party listener, because for each element the Complaint includes a specific allegation coupled with a general reference to other statements, other dates statements were made, and other third party listeners beyond the ones specifically described in the Complaint. (Id. at PageID # 69-70.) According to Defendants, each of these four objections is independently fatal to Plaintiffs' defamation cause of action, because each objection reveals a failure to plead an essential fact required to make out a claim for defamation. (Mot. Dismiss at PageID # 21.)

 1. C&M's Defamation Claim

Contrary to Defendant's view, none of these alleged deficiencies undermine Plaintiff C&M's plausible statement of a claim for defamation. Defamation claims are subject to the pleading requirements of Fed. R. Civ. P. 8, under which a plaintiff must put the defendant on notice

5

of the issues that the defendant must meet in the case. Bishop v. Costa, 495 F. Supp. 2d 139, 140-41 (D. Me. 2007). Plaintiff C&M has plainly met this standard as to Defendant. Under Maine law, as a general matter, "An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment." Picher v. Roman Catholic Bishop of Portland, 974 A.2d 286, 296 (Me. 2009). C&M has specifically alleged that, in the course of the investigation of the shooting death at the Turner Property, two particular persons "of Moark" made allegedly defamatory statements about C&M to law enforcement officials. In making these allegations, C&M plausibly pleads that the named individuals were employees of Defendant and were acting in the scope of their employment when speaking to law enforcement about the shooting.

Defendant's further arguments fare no better. Plaintiffs have identified a specific third person to whom the statements were published, specified a date on which statements were made, and described the content of two allegedly false and defamatory statements. (Compl. ¶¶ 15-16 & 19.) Defendant seeks to rely upon cases where defamation claims were dismissed because specific allegations on an element of the cause of action were omitted entirely. See, e.g., Decker v. Vt. Educ. Television, Inc., 13 F. Supp. 2d 569, 574 (D. Vt. 1998) (dismissing a defamation claim where the complaint failed to "identify even generally the [allegedly defamatory] communications, or to whom they were communicated"); Pike v. City of Mission, Kan., 731 F.2d 655, 661 (10th Cir. 1984) (refusing to recognize a defamation-related claim supported only by a "broad conclusory allegation"); TracFone Wireless, Inc. v. Carson, No. 3:07-CV-1761-G, 2008 WL 4107584, at *9 (N.D. Tex. Aug. 28, 2008) (dismissing a defamation claim where the claimant "failed to provide any specificity as to who made the statements or to whom the statements were made"); Advanced Logistical Support, Inc. v. Fritz Companies, Inc., Civ. A. 02–2979, 2003 WL

21459688, at *7 (E.D. La. June 18, 2003) (ordering a more definite statement of defamation pleadings that did not provide "any specificity as to what statements were made . . . and how they were false and defamatory"). In the present case, however, Plaintiffs have made specific allegations as to each element of the defamation cause of action. The sufficiency of these pleadings is not undermined by the inclusion of additional and more general assertions.[1]

To the extent that Defendant seeks the clarification of the factual allegations underlying each of the defamation elements, the appropriate course is for Defendant to utilize pretrial discovery procedures, rather than for this Court to dismiss the defamation claim on the pleadings. The Court DENIES the Motion as to C&M's defamation claim.

2. Warbin's Defamation Claim

While C&M has stated a claim for defamation, Warbin has not.[2] To maintain a defamation action under Maine law, a plaintiff must demonstrate that "at least one person actually and reasonably interpreted" an allegedly defamatory statement to be "of and concerning" the plaintiff. Lynch v. Christie, No. 2:11-cv-70-DBH, 2012 WL 5874841, at *3 (D. Me. Nov. 20, 2012) (internal quotations omitted).

---

[1] Defendant also argues that C&M's claim for defamation should be limited to the specific allegations made in the Complaint regarding the precise date that statements were made, the identities of the speakers and the listener, and the content of the defamatory statements. (Def.'s Reply Mem. Law Supp. Mot. Dismiss at PageID # 71.) However, this argument overlooks the necessary role of the discovery process in developing the factual record upon which C&M's claim can ultimately be decided. It is not necessary that the Complaint include every possible fact which may ultimately prove relevant to the outcome of Plaintiffs' case, but rather that each Plaintiff plausibly state a claim upon which relief can be granted. C&M has met this standard regarding its claim for defamation.

[2] It is not clear from the Complaint or from Plaintiffs' Response to the Motion (ECF No. 11) whether Plaintiff Warbin is asserting that he has standing to bring C&M's defamation or negligence claim in his own name. To be clear, Warbin, as the equityholder of C&M, does not have standing to do so. See Diva's Inc. v. City of Bangor, 411 F.3d 30, 42 (1st Cir. 2005) (explaining that an action to redress an injury to a corporation "cannot be maintained by a stockholder in his own name . . . even when there is only one shareholder in a corporation") (internal quotation omitted); Laverty v. Massad, 661 F. Supp. 2d 55, 61-62 (D. Mass. 2009) (applying the shareholder standing bar to a member of a limited liability company).

7

The Complaint asserts that Defendant has "published defamatory statements about Plaintiffs [C&M and Warbin]," but the defamatory statements described in the Complaint concern only C&M, and not Warbin. Warbin is identified in the Complaint as the sole member of C&M. (Compl. ¶ 1.) No further facts are alleged as to Warbin. No allegations have been made in the Complaint which would give rise to a plausible inference that any third party "actually and reasonably interpreted" either of the allegedly defamatory statements to be "of and concerning" Warbin. Therefore, the Court GRANTS the Motion as to Warbin's defamation claim.

### B. Negligence

Plaintiffs allege that Defendant breached a duty to C&M and its employees to "exercise reasonable care to ensure that its facilities were safe for C&M's pest control efforts." (Compl. ¶ 35.) More specifically, Plaintiffs assert that Defendant should have exercised reasonable care to ensure that all of its employees were removed from the area where C&M conducted its pest control operations. (Compl. ¶ 18.) Plaintiffs allege that Defendant breached this duty, and that Plaintiffs suffered damages as a result. (Compl. ¶¶ 36-37.) Defendant counters that the claim should be dismissed because it is barred by the "economic loss doctrine."

1. C&M's Negligence Claim

Defendant argues that this negligence-based tort claim should be dismissed because it is barred by the "economic loss doctrine." The "economic loss doctrine" has been adopted by the Maine Supreme Judicial Court in the context of product liability. Oceanside at Pine Point Condo. Owners Assoc. v. Peachtree Doors, Inc., 659 A.2d 267, 270 (Me. 1995) (barring a tort claim in a product liability action because courts "generally . . . do not permit tort recovery for a defective product's damage to itself"). Applying Maine law, courts in this district have inferred that Maine's economic loss doctrine may apply to professional service contracts, such as the contract between

8

C&M and Defendant.  See Me. Rubber Int'l v. Envtl. Mgmt. Group, Inc., 298 F. Supp. 2d 133, 137-138 (D. Me. 2004); see also Banknorth, N.A. v. BJ's Wholesale Club, Inc., 394 F. Supp. 2d 283, 287 (D. Me. 2005) (declining to apply the economic loss doctrine to dismiss a negligence claim where the defendant arguably owed non-contractual duties to the plaintiff and disputed issues "hinge[d] upon issues of fact as to the nature of the relationships between the parties").  This Court recently applied the economic loss doctrine to dismiss a tort claim where a dispute existed between parties to a bargained-for commercial contract and concerned the "value and quality of what was purchased" under the contract.  Schmid Pipeline Const., Inc. v. Summit Natural Gas of Me., Inc., No. 1:13-cv-464-GZS, 2014 WL 3600437, at *4 (D. Me. June 22, 2014).  Defendant urges that this is such a case.  (Def.'s Reply Mem. Law Supp. Mot. Dismiss at PageID # 72.)

In the present case, however, this Court cannot determine on the pleadings that Plaintiffs' negligence claim, which is based on Defendant's alleged duty to maintain safe premises for C&M's extermination activities, concerns the value and quality of goods or services over which the parties bargained.[3]  As in Banknorth, Plaintiffs' allegations may describe non-contractual duties owed by Defendant that fall outside of Maine's delineation of the economic loss doctrine.  Consequently, the Court DENIES the Motion as to C&M's negligence claim.

2.  Warbin's Negligence Claim

While C&M has stated a claim for negligence, Warbin has not.  Warbin lacks standing to prosecute C&M's claim for negligence, and Warbin, in his individual capacity, has failed to state a claim for negligence.  The Complaint alleges that Defendant owed a duty to C&M and to its employees.  However, the Complaint contains no allegations that indicate that Defendant owed a duty to Warbin, who is identified in the Complaint only as the sole member of C&M.  As Warbin

---

[3] The Court notes that the record does not include a copy of the Contract.

has not pleaded an essential element of the negligence cause of action, the Court GRANTS the Motion as to Warbin's negligence claim.

### C. Warbin's Claims

The Complaint, by its own terms, states a claim for breach of contract only as to C&M. (Compl. ¶¶ 27-29.) Warbin has failed to plausibly state a claim for defamation or negligence. Therefore, as discussed above, the Court GRANTS the Motion as to Warbin's defamation and negligence claims, and all claims made by Warbin in the Complaint are dismissed.

## IV. CONCLUSION

For the reasons just stated, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss (ECF No. 7) and hereby DISMISSES all claims by Plaintiff Warbin.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 31st day of March, 2016.