UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| C & M PROPERTY MANAGEMENT, LLC, )<br>)<br>   Plaintiff )<br>v. )<br>)<br>MOARK, LLC, d/b/a MOARK MAINE, )<br>)<br>   Defendant ) | No. 2:15-cv-00336-GZS |

*MEMORANDUM DECISION ON MOTION TO EXCLUDE TESTIMONY*

This action arises out of the death of the defendant's employee while the plaintiff was engaged in pest control services at the defendant's facility in Maine. The defendant, Moark, LLC, moves to exclude from trial any testimony by three of the plaintiff's designated expert witnesses, Phillip S. Cardamone, Psy.D., a psychologist; Alnoor K. Ramji, M.D., a psychiatrist; and Rick Gingy, a counselor. Defendant's Motion to Exclude Expert Testimony ("Motion") (ECF No. 23) at 1-2. All of these individuals apparently treated Michael Warbin, the principal of the corporate plaintiff. *Id*. I grant the motion.

## I. Background

The complaint in this action alleging breach of contract (Count I), defamation (Count II), and negligence (Count III) was filed by C & M. Property Management, LLC and Michael Warbin. Complaint (ECF No. 1) at 1-5. The defendant filed a motion to dismiss (ECF No. 7), which was granted in part. Order on Defendant's Motion to Dismiss (ECF No. 15) at 1. All of the claims asserted by Warbin were dismissed. *Id*. at 10.

## II. Discussion

The defendant asserts that the plaintiff's designated expert witnesses will "offer expert opinions that Mr. Warbin suffers from depression that limits his ability to work." Motion at 1. Such testimony, it contends, is irrelevant to the claims of the corporation. *Id*. at 1-2. It also seeks exclusion of this testimony because the plaintiff did not provide it with "a complete summary of the facts and opinions to which the experts intend to testify." *Id*. at 2.

The defendant's first argument is based on the asserted principle that a business, whether a corporation or a limited liability company, cannot recover for injuries to its owners, officers, or employees. *Id*. at 5-6. *See, e.g., AIG Domestic Claims, Inc. v. Hess Oil Co.*, 232 W.Va. 145, 152-54, 751 S.E.2d 31, 38-40 (2013). The plaintiff responds by citing case law from jurisdictions other than Maine or Connecticut, Plaintiff's Response to Defendant Moark, LLC's Motion to Exclude Expert Testimony ("Opposition") (ECF No. 26) at 5, where the plaintiff is incorporated. Complaint ¶ 2. However, none of this case law is applicable to the issue presented by the defendant's motion.

The court in *4MVR, LLC v. Hill*, Civil Action No. 12-cv-10674, 2015 WL 3884054 (D. Mass. June 24, 2015), did observe that "courts in other contexts have acknowledged that single member LLCs are only slightly factually different from their sole members[,]" *id*. at *4, but that observation says nothing about the legal differences between the two. More important, the court made that observation in the context of an attempt to make the single member individually liable to the LLC. *Id*. That is not the case here, where the defendant seeks to preclude the corporate plaintiff from recovering for losses allegedly caused by injuries inflicted upon its sole member.

In *In re Lemay*, Bankruptcy No. 13-10999-BAH, 2014 WL 4690862 (Bankr. D.N.H. Sept. 19, 2014) (unpublished opinion), one of the cases cited as authority for the Massachusetts district court's observation discussed above, the issue in an adversary proceeding was reliance on alleged

misrepresentations in negotiations between the defendant and the sole member of the plaintiff LLC. *Id*. at *5. Again, the court stated that the factual difference between the LLC and its sole member was slight, *id*., but that statement was *dictum* as the court denied summary judgment, "given the factual uncertainty" surrounding the negotiations in the summary judgment record. *Id*. Again, there was no attempt in *Lemay* by an LLC to recover for losses due to injuries to its sole member.

The plaintiff asserts that the Maine Law Court in *Centrix Bank & Trust v. Kehl*, 2012 ME 52, 40 A.3d 942, "uph[eld] [the] trial court's grant of attachment against [an] individual property owner and properties owned by LLCs in which she was the sole member, even though [the] LLCs were not named in the lawsuit[,]" Opposition at 5, but the legal distinction between the LLCs and the sole member is not mentioned in the opinion. The only issue was whether an interlocutory appeal could be maintained under the circumstances of the case, 2012 ME 52 ¶ 4, 40 A.3d at 943, and the Law Court ruled that it could not. It did not reach the merits of the appellant's argument. *Id*.

Both *Delott v. Roraback*, 179 Conn. 406, 426 A.2d 791 (1980), and *Moiger v. Connecticut Ice Cream Co.*, 146 Conn. 551, 152 A.2d 925 (1959), as the plaintiff notes, Opposition at 5, dealt with the questions of whether a self-employed person could recover from a tortfeasor the costs of hiring an employee to conduct his business while he was prevented from doing so by his injuries or whether a self-employed person could recover for loss of earning capacity. Neither involved an LLC or any other form of corporation; each involved simply a direct claim by the injured individual.

Finally, in *Valley View Angus Ranch v. Duke Energy Field Servs.*, No. CIV-04-191-D, 2008 WL 1902435 (W.D. Okla. Apr. 25, 2008), the court denied a motion for summary judgment

based on an argument that a corporate plaintiff could not recover for tortious interference with an individual plaintiff's use and enjoyment of property owned by the corporation, where the individual plaintiff is a shareholder in the corporation. *Id*. at *3-*4. The shareholder was a named plaintiff, so it is not clear that the corporate plaintiff was making a claim on his behalf.

The plaintiff argues strenuously that it is not seeking damages for injuries to Warbin, but rather damages to the LLC based on Warbin's inability to work, thus rendering the LLC insolvent. Opposition at 5-6. However, the only case law on point cited by either party precludes such a claim. I agree that a holding that a limited liability company cannot sue another party for personal injuries "on behalf of" any of its members or "for a wrong committed against one of its members," *Ouellette, Deganis & Gallacher, LLC v. Trendowski*, No. CV136006017S, 2015 WL 7941132 at *4 (Conn. Sup. Ct. Nov. 10, 2015), is not directly applicable when the plaintiff, as is the case here, casts its claim in terms of an alleged injury to itself resulting from injuries inflicted upon its sole member. I also recognize the problem lurking behind this distinction: how many members must an LLC have before such a claim can be rejected, if at all?

Properly stated, the plaintiff's claim has been rejected under Louisiana law. *James v. Lincoln Gen. Ins. Co.*, Civil Action No. 09-0727, 2011 WL 3878339, at *5 (W.D La. Aug. 30, 2011) ("Louisiana law is clear that a *corporation* has no cause of action for an economic loss claim based on the personal injuries sustained by one of the business's employees[,]" citing an opinion from the Louisiana Court of Appeals holding that a corporation had no cause of action for economic losses based on impairment of earning capacity of its employee) (emphasis in original). This principle, the court held, "applies even when the employee at issue is closely associated with the corporation, such as when he or she is the owner, president or sole shareholder of the

4

corporation." *Id*. Accord, *Captville v. Liberty Mut. Ins. Co.*, Civil Action No. 10-267-JJB-SCR, 2012 WL 112992, at *2 (M.D. La. Jan. 12, 2012).

So far as I can tell, neither Maine nor Connecticut law is settled on this point. I am persuaded, however, that the fact that the sole member of an LLC can recover for his injuries directly, including any loss of earning capacity, should preclude the LLC from recovering for the asserted effect of that lost earning capacity on the LLC. To hold otherwise would be to countenance, in essence, a double recovery. Accordingly, I grant the motion to preclude testimony concerning Warbin's injuries and their effect on his ability to work.[1]

### III. Conclusion

For the foregoing reasons, the defendant's motion to exclude expert testimony is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 15th day of November, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[1] This conclusion makes it unnecessary to address the defendant's alternative argument concerning the sufficiency of the plaintiff's expert designation.

5