*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *C&M PROPERTY MANAGEMENT LLC,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *No. 2:15-cv-00336-GZS* |
| ) | |
| *MOARK LLC, d/b/a MOARK MAINE,* ) | |
| ) | |
| *Defendant* ) | |

*MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND*

The plaintiff in this action arising out of the death of an employee of the defendant as a result of the actions of an employee of the plaintiff on the defendant's premises in Turner, Maine, seeks leave to amend its previously amended complaint to add a claim for breach of an implied duty of good faith and fair dealing under Connecticut law with respect to the contract between the parties. Motion for Leave to File Second Amended Complaint ("Motion") (ECF No. 28). Because the plaintiff has failed to demonstrate the requisite good cause, I deny the motion.

### I.    Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The First Circuit has explained:

A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. . . . As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Where the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint.

*Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004) (citations, internal quotation marks, and footnotes omitted).

The plaintiffs filed the motion on October 12, 2016, after the parties' June 27, 2016, deadline to amend pleadings and join parties, *see* Scheduling Order (ECF No. 17) at 2. Therefore, the "good cause" rule applies.

The defendant opposes the motion, contending that the plaintiff cannot meet the "good cause" standard and that the proposed amendment would be futile. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Amend ("Opposition") (ECF No. 31) at 4-10. An amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Adorno v. Crowley Towing & Trans. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The Supreme Court has stated:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted).  This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011).

## II.  Factual Background

The existing complaint alleges, in relevant part, that the defendant in 2011 assumed a contract between the plaintiff and the defendant's predecessor under which the plaintiff provided rodent and pest control services at three facilities in Connecticut.  First Amended Complaint (ECF No. 10) ¶¶ 11-12.  Later, the plaintiff undertook the same responsibility for the defendant's facility in Turner, Maine.  *Id*. ¶ 13.  The plaintiff routinely used firearms to clear unwanted animals from the defendant's buildings.  *Id. ¶* 14.  On August 19, 2013, an employee of the defendant was shot and killed at the defendant's facility in Turner, Maine, while an employee of the plaintiff was engaged in pest control services there.  *Id*. ¶ 17.

The complaint alleges breach of contract, defamation and negligence, all arising out of this event.  *Id*. ¶¶ 19-37.  The plaintiff now seeks to add a count alleging breach of the implied covenant of good faith and fair dealing.  Motion at 3.

## III.  Discussion

The plaintiff contends that it only became aware that it had such a claim through the deposition of Blair Hagy, the individual in charge of the defendant's Turner, Maine, facility at the

relevant time. *Id*. at 2. The deposition was held on October 4, 2016, and the motion for leave to amend the complaint was filed on October 12, 2016. In the motion, the plaintiff asserts that the deposition testimony "confirms" that the defendant was aware that the plaintiff was using a firearm for pest control, that the defendant paid for the ammunition for that firearm, that the defendant failed to take action to protect its employees, and that the defendant terminated its contract with the plaintiff after its employee was shot "as part of its effort to . . . escape criminal and civil liability for" the employee's death. *Id*. at 2-3.

The plaintiff does not explain why it needed to "confirm" these facts before seeking to add another claim to its complaint. In addition, before the Hagy deposition, the existing First Amended Complaint already alleged that the defendant knew that the plaintiff was using firearms in the course of its duties at the defendant's facility, First Amended Complaint ¶ 15; that the defendant paid for the ammunition used in the firearms, *id*. ¶ 16; and that the defendant allegedly failed to ensure the safety of its employees during pest control operations, *id*. ¶ 18. The First Amended Complaint alleges that the defendant has not "formally terminate[d] the Contract in writing[,]" and that it has "improperly terminated the Contract[.]" *Id.* ¶¶ 23-24.

This first comparison of the motion and the currently operative complaint fails to demonstrate "good cause" for the plaintiff's failure to include its claim for breach of the implied covenant of good faith and fair dealing in the original or the first amended complaint. "A plaintiff seeking to belatedly amend his complaint must support his motion with substantial and convincing evidence." *Gardner v. Thomas*, No. 1:13-cv-331-GZS, 2014 WL 916397 at *1 (D. Me. Mar. 10, 2014) (citation and internal quotation marks omitted). The plaintiff provided no such evidence with its motion, and the evidence provided with its reply memorandum, Reply Memorandum in Support of Motion for Leave to File Second Amended Complaint ("Reply") (ECF No. 38), cannot

reasonably be read to undermine the conclusion that the information supporting a claim for breach of the implied covenant of good faith and fair dealing was known to the plaintiff when it filed its First Amended Complaint, if not before, and that the deposition testimony revealed nothing new that was relevant to the plaintiff's ability to bring the claim in a timely fashion. *See id.* The plaintiff cites no authority for its unstated but necessarily foundational argument: that the plaintiff was required to wait until it had "confirming" evidence to support the claim before adding it to its complaint.

The "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir*, 383 F.3d at 12. Factual allegations that were within the plaintiff's knowledge at the time the action was initiated cannot serve to meet the "good cause" standard. *Gardner*, 2014 WL 916397 at *1.

The case law cited by the plaintiff in its reply memorandum is distinguishable. In *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1333 (Fed. Cir. 2012), the court assumed without discussion that essential new evidence was discovered in the deposition at issue. In *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 706-07 (D. Md. 2011), the court expressly found that new evidence was included in discovery produced shortly before the motion for leave to amend was filed, and noted that additional discovery on the new claims was available. In *Ciena Corp v. Nortel Networks Inc.*, 233 F.R.D. 493, 496 (E.D. Tex. 2006), the court specifically noted that it was "not allowing Nortel to amend based on [information that Nortel had prior to the deadline to amend] but rather on additional information Nortel acquired after the June 14 deadline." Finally, in *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 416-17 (7th Cir. 2016), the court rejected the plaintiff's argument that a second motion for summary judgment, filed by the defendant after the plaintiff notified the court that she would not be calling a particular

expert witness to testify at trial, was untimely because the first motion for summary judgment was filed nearly a year after the scheduling order deadline for doing so. The court called the argument "too attenuated" and found that the basis for allowing the second motion -- the plaintiff's withdrawal of her expert witness -- was "entirely independent of the argument for the initial summary judgment filing."

Here, the plaintiff's attempt to convince this court that "confirming" evidence is the same as "newly discovered evidence," at least when it is "discovered" after the deadline for amending its complaint, fails in the face of the factual allegations in its own initial and amended complaints. *See generally Crowell v. Kirkpatrick,* 262 F.R.D. 401, 402-03 (D. Vt. 2009). *See also United States v. Kimball*, No. 2:14-cv-00521-DBH, 2016 WL 5416462, at *4 (D. Me. Sept. 28, 2016) (failure to discover information available to plaintiff before deadline for amending pleadings does not constitute good cause).

The plaintiff's failure to demonstrate good cause for its tardy motion for leave to amend its complaint makes it unnecessary to consider the defendant's alternate argument, Opposition at 9-10, that the proposed amendment would be futile.

## IV. Conclusion

For the foregoing reasons, the motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 29th day of December, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge