UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| C&M PROPERTY MANAGEMENT, LLC, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) | No. 2:15-cv-00336-JHR |
| | ) | |
| MOARK, LLC, | ) ) | |
| Defendant | ) | |

### MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS

In advance of trial, plaintiff C&M Property Management, LLC ("C&M") has filed a series of objections to deposition designations made by defendant Moark, LLC ("Moark"). *See* Plaintiff's Objections to Moark, LLC's Proposed Deposition Designations ("Objections") (ECF No. 67). At issue are designations of portions of an April 15, 2015, deposition of Michael E. Warbin ("2015 Warbin Deposition"), an October 5, 2016, deposition of Warbin ("2016 Warbin Deposition"), and an April 15, 2015, deposition of Trooper Eric Paquette ("Paquette Deposition"). For the reasons discussed below, I sustain the Objections in part, to the extent that Moark offers the Paquette Deposition in evidence; deem the Objections moot in part, to the extent that Moark concedes their validity; and otherwise overrule them without prejudice to their interposition by C&M at trial.[1]

---

[1] Presumably pursuant to Federal Rule of Civil Procedure 32(a)(6), C&M counter-designates one additional excerpt from the 2015 Warbin Deposition, three from the 2016 Warbin Deposition, and three from the Paquette Deposition. *See* Objections at [2]-[5]; Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."). Moark indicates that it objects to C&M's use of the excerpt from the 2015 Warbin Deposition, two of the three excerpts from the 2016 Warbin Deposition, and one of the three excerpts from the Paquette Deposition. *See* Defendant's Response to Plaintiff's Objections to Defendant's Deposition Designations ("Response") (ECF No. 88) at 8, 15, 17. Moark seeks no ruling on its objections to C&M's counter-

1

## I. 2015 and 2016 Warbin Depositions

C&M interposes objections on a variety of bases, including lack of foundation, vagueness, relevance, argumentativeness, and/or its invocation of Federal Rule of Evidence 410, to the use of 25 designated passages of the 2015 Warbin Deposition and 23 designated passages of the 2016 Warbin Deposition. *See* Objections at [1]-[4]. Moark does not contest the validity of some of those objections, *see* Response at 1-15, mooting the Objections to that extent.

Otherwise, I overrule the Objections as to the Warbin deposition designations without prejudice to C&M's assertion of those objections at trial. While Moark's use of Warbin's depositions "for any purpose" at trial seemingly is permissible pursuant to Federal Rule of Civil Procedure 32(a)(1) and (3), and C&M does not argue otherwise, the court retains "discretion to exclude parts of the deposition that are unnecessarily repetitious in relation to the testimony of the party on the stand[.]" 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2145, at 641 (3d ed. 2010) (footnote omitted).

I expect that the bulk of the testimony of Warbin, the plaintiff's principal and a key witness in this case, will be presented live from the witness stand, with his deposition testimony reserved for traditional usages such as impeachment or rebuttal. No useful purpose is served by addressing in advance of trial the myriad objections to Warbin's deposition testimony that may very well be superseded by his trial testimony.

Should Moark wish to use portion(s) of the Warbin depositions as to which objections remain, it should call for a sidebar conference, during which I will hear argument and rule on the remaining objections. I observe that, as concerns C&M's reliance on Federal Rule of Evidence 410, I am inclined to agree with Moark that the rule is inapposite in that the evidence at issue

---

designations, *see id*.; however, even assuming that it does, I decline to rule in advance of trial for the reasons explained herein.

would not be "admissible against the defendant who made the plea[,]" Warbin, but rather against C&M, the sole remaining plaintiff in this case. Fed. R. Evid. 410(a). Nonetheless, I make no ruling on this point, unless and until it is necessary to do so at trial with the benefit of argument by both sides.

## II. Paquette Deposition

C&M objects to the designation of the Paquette testimony to the extent that there has been no representation from Moark that Paquette is unavailable to testify at trial pursuant to Federal Rule of Civil Procedure 32(a)(4). *See* Motion at [4]. It also objects to the use at trial of seven specific passages from that deposition on relevance, hearsay, and/or foundation grounds. *See id*. at [4]-[5].

Rule 32(a)(1) provides, in relevant part, that a deposition may be used against a party at trial on condition that "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it[,]" "(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying[,]" and "(C) the use is allowed by Rule 32(a)(2) through (8)." Fed. R. Civ. P. 32(a)(1). Rule 32(a)(4) permits the "use for any purpose [of] the deposition of a witness, whether or not a party, if the court finds" that the witness is unavailable, as that term is defined therein. Fed. R. Civ. P. 32(a)(4).

Moark, which lists Paquette as one of its expected trial witnesses, *see* ECF No. 74 at 2, makes no argument that Paquette is unavailable to testify, or that any other applicable subsection of Rule 32(a) would permit his deposition to be offered into evidence at trial, *see* Response at 15-17. Therefore, I sustain the Objections to the extent that I preclude Moark from offering the Paquette Deposition in evidence at trial under Federal Rule of Civil Procedure 32(a)(4).

As to C&M's specific objections, Moark states that it does not challenge C&M's objection to its use of one of its designated excerpts from the Paquette Deposition, *see id*. at 15, mooting the Objections to that extent.

Otherwise, I overrule the Objections as to the Paquette Deposition designations without prejudice to C&M's renewal of its objections at trial should Moark wish to use portion(s) of the Paquette Deposition for another purpose, such as impeachment or rebuttal. In that event, Moark should call for a sidebar conference, during which I will hear argument and rule on any remaining objections.

### III. Conclusion

For the foregoing reasons, I **SUSTAIN** C&M's Objections in part, with respect to Moark's offer into evidence of the Paquette Deposition pursuant to Federal Rule of Civil Procedure 32(a)(4), deem the Objections **MOOT** in part, as to those objections that Moark does not contest, and otherwise **OVERRULE** the Objections without prejudice to C&M's renewal of its remaining objections, if any, at trial.

Dated this 13th day of June, 2017.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge